James SCOTT, Petitioner–Plaintiff,

v.

The **FEDERAL BUREAU OF PRIS-ONS, Harley G. Lappin and C.J. DeRosa, Respondents–Defendants.**

Civil Action No. 04–1744(JEI).

United States District Court, D. New Jersey.

April 22, 2004.

Bachner & Herskovits, P.C. by Michael F. Bachner, Esq., New York City, for Petitioner–Plaintiff.

United States Attorney by Irene E. Dowdy, Esq., Trenton, NJ, for Respondents–Defendants.

## ORDER GRANTING PETITIONER'S MOTION FOR INJUNCTIVE RELIEF

IRENAS, Senior District Court Judge.

This matter having come before the Court on the Motion for Injunctive Relief of the Petitioner–Plaintiff, James Scott, the Court, having considered the briefs and oral arguments of the parties, for the reasons set forth in an oral opinion delivered in open court on April 20, 2004, which is incorporated herein by reference, and it appearing that:

1. James Scott ("Petitioner") seeks to compel the Federal Bureau of Prisons ("BOP"), Harley G. Lappin[1] and C.J. DeRosa[2] ("Respondents", collectively)

---

1. Respondent Harley J. Lappin is the current Director of the Federal Bureau of Prisons.

2. Respondent C.J. DeRosa is the current warden at the Federal Correctional Institute Fort Dix.

3. The BOP's Program Statements are available via the internet at www.bop.gov.

4. The parties do not dispute that the BOP, prior to December 20, 2002, did not interpret § 3621(b) and § 3624(c) in a manner consistent with the OLC Memo.

5. The OLC Memo is available via the internet at www.usdoj.gov/olc.

6. This holding is elaborated upon more fully in the Court's oral opinion. Basically the

---

to immediately make a determination as to his eligibility for prerelease designation to a Community Corrections Center ("CCC") pursuant to the BOP's pre-December 20, 2002 policies, as embodied in BOP Program Statement 7310.04, dated December 16, 1998 ("BOP PS").[3] Respondents have not made this determination because they claim that a new BOP policy, effective as of December 20, 2002, prohibits them from doing so.

2. Respondents notified Petitioner that as of December 20, 2002, and contrary to the BOP's long standing practice,[4] prerelease designations to CCCs were now limited to ten percent of an inmate's prison term, not to exceed six months. This change in policy was made to comply with a December 13, 2002, Memorandum Opinion from the Justice Department's Office of Legal Counsel ("OLC Memo"), which claimed that several BOP practices regarding CCC placements were unlawful.[5]

3. However, the OLC Memo makes two misinterpretations of law: (1) it incorrectly reasons that a CCC can never be considered a "penal or correctional facility" as that term is used in 18 U.S.C. 3621; and (2) it incorrectly views 18 U.S.C. 3624 as a limitation on 18 U.S.C. 3621.[6]

---

confusion arises because the OLC Memo does not distinguish between the legal restraints on a judge's authority when passing sentence and the BOP authority when implementing a sentence. It also arises because the OLC Memo fails to distinguish between the phrase "penal or correctional facility" (§ 3621(b)), the phrase "community confinement" (U.S.S.G. § 5C1.1 and § 5F1.1), and the phrase "Community Corrections Centers" (BOP PS). As a general matter the Sentencing Guidelines (and related statutory provisions found, inter alia, at 18 U.S.C. §§ 3551–3559) govern the judge's authority to impose a particular sentence, while §§ 3621–3626 deal with the obligations and authority of the BOP in carrying out a particular sentence.

In this case the petitioner was sentenced to a term of imprisonment of 12 months and one

Because Petitioner has shown a likelihood of success in his argument that the OLC Memo is incorrect to the extent that it interprets § 3624(c) as applying its 10% limitation to prerelease placement in a CCC which would otherwise be a "penal or correctional facility" under § 3621(b), preliminary relief will be granted as provided in this Order.

 4. Petitioner is not challenging the length of his sentence, nor has the BOP acted in a way to lengthen the period

day. There was no provision for "community confinement" as that term is used in the Sentencing Guidelines. When the BOP took custody of Scott it was governed by §§ 3621 and 3624 in implementing the sentence. Under § 3621(b) it was required that petitioner be housed in a "penal or correctional facility." This obligation applies throughout the sentence—on the first day and the last. However, this obligation is mitigated by subsequent sections of the statute. Section 3622 allows the BOP to grant certain humanitarian releases during incarceration; Section 3624(b) allows the BOP to reduce incarceration by the grant of certain "good time" credits. And § 3624(c) actually mandates the BOP, to the extent practicable, to permit a prisoner to spend the lesser of six months or the last 10% of his sentence "under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community." It goes on to permit house arrest as part of this prerelease custody. Nothing in § 3624(c) refers to "community confinement", "CCCs", or a "penal or correctional facility."

It is clear to this Court that § 3621(b) and § 3624(c) are easily harmonized. Section 3624(c) allows the BOP to implement a form of custody at the end of a prisoner's sentence which does not amount to custody in a "penal or correctional facility" as provided in § 3621(b). The OLC Memo is correct when it states that there is no authority under § 3624(c) for this reduced form of custody to exceed 10% of a prisoner's sentence.

Where the OLC memo goes astray is by assuming, first, that the term "Community Corrections Center" in BOP PS is the same as "community confinement" in U.S.S.G. § 5F1.1, and then by leaping to the conclu-

of his custody. Only the level of custody is at issue. Therefore, a habeas corpus petition under 28 U.S.C. § 2241 is not the appropriate remedy. Under the practices in effect before the OLC Memo, Petitioner would still be "in custody" even if the level of that custody did not amount to placement in a "penal or correctional facility." *Compare Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Asquith v. Volunteers of America*, 186 F.3d 407 (3d Cir.1999). The Court concludes that the relevant statutes give the

sion that no CCC could be a "penal or correctional facility." BOP PS clearly states at p. 4 that a CCC meets the definition of "penal and correctional facility." There is nothing in this record or in the OLC Memo or elsewhere which suggests that this conclusion is in error. It is quite clear that the concept of "community confinement" as used in the Guidelines is a far broader concept than that of a CCC used in BOP PS. For instance, the "Community Corrections Component" (p.4 BOP PS) seems fully consistent with a "penal or correctional facility," while the "Prerelease Component" (p. 5) may not be. Likewise, some levels of the program at "Comprehensive Sanctions Centers" (p. 5) will clearly satisfy the § 3621(b) requirement, while it may be that some of the later levels may not.

Because the OLC Memo did not employ a textured analysis and confused a judge's sentencing authority under the Sentencing Guidelines with the BOP obligations in carrying out a sentence, those provisions of BOP PS which were rational and statutorily consistent were irrationally abrogated. If there is a legal problem with BOP PS it is not because the BOP was wilfully ignoring the 10% limitation in § 3624(c). Rather, it would arise because some, but not all, components of a prerelease plan might not satisfy the "penal or correctional facility" requirement of § 3621(b). Indeed, a given CCC may or may not be a "penal or correctional facility" depending on the terms and conditions which govern the placement of a specific inmate. Therefore, until further order of this Court, if a particular prerelease CCC placement by the BOP does not satisfy the requirement of custody in a "penal or correctional facility," the 10% limitation in § 3624(c) applies.

BOP a great deal of discretion in determining how a prisoner's custody is to be implemented. The OLC Memo unlawfully restricts that discretion, particularly under § 3621(b), and in doing so denies due process of law to a prisoner who may benefit from such discretion.

Based on the foregoing,

**IT IS,** on this 22nd day of April, 2004,

**ORDERED THAT:**

1. Petitioner's action is hereby converted from a habeas petition to a 42 U.S.C. 1983 action. Petitioner is responsible for the $150.00 filing fee;

2. Petitioner's Motion for Injunctive Relief is **GRANTED,** but only to the extent hereafter provided;

3. The Federal Bureau of Prisons, no later than May 14, 2004, will complete its prerelease planning for the placement of Petitioner in accordance with BOP Program Statement 7310.04, with the following proviso: the 10% limitation in § 3624(c) shall **not** apply to any portion of a community placement which is consistent with the "Community Corrections Component" as set forth in 7.a.(1) of BOP PS, it being the ruling of the Court that such placement would be in a "penal or correctional facility" as provided by § 3621(b); pending final resolution of this case, any other components of the prerelease plan, such as the "Prerelease Component" (7.a.(2) of BOP PS) or home confinement, shall be subject to the 10% limitation. The discretion of the BOP shall not be limited by any provision of the OLC Memo inconsistent with this Order; and

4. Should the BOP fail to reconsider Petitioner's prerelease planning in accordance with this Order, Petitioner may renew his application before this Court provided such application is filed and served no later than May 18, 2004; any responsive papers shall be served and filed no later than May 19, 2004; the matter will be heard by the court on May 20, 2004, at 3:00 P.M.