Thomas N. STEINBACH, Petitioner,

v.

The **FEDERAL BUREAU OF PRISONS, Harley G. Lappin, and John Nash, Respondents.**

Civil Action No. 04–4804(JEI).

United States District Court, D. New Jersey.

Oct. 13, 2004.

Thomas N. Steinbach, Fort Dix, NJ, Petitioner Pro Se.

## ORDER GRANTING APPLICATION

IRENAS, Senior District Judge.

It appearing that:

1. Petitioner, who is presently incarcerated at FCI Fort Dix, was sentenced on September 12, 2003, in the Southern District of Florida to a term of 21 months based on a plea of guilty to "one count of conspiracy to commit wire, mail and security fraud . . . ." (p. 2 of Petition for Habeas Corpus) He had plead guilty to that charge on April 29, 2003.

2. As the federal courts are now aware from multiple filings, petitioner is seeking placement in a community confinement center ("CCC") for the last 6 months of his sentence pursuant to 18 U.S.C. § 3624(c) as interpreted (prior to December 20, 2002) by BOP Program Statement 7310.04 ("BOP PS"). *See e.g. Scott v. The Federal Bureau of Prisons*, 317 F.Supp.2d 529 (2004). Under the BOP PS a prisoner, regardless of the length of his term, would often receive CCC placement for the last six months notwithstanding the 10% limitation contained in § 3624(c).

3. This practice was halted effective December 20, 2002, as a result of a Memorandum Opinion dated December 13, 2002, issued by the Justice Department's Office of Legal Counsel ("OLC Memo"). In simple terms, under the BOP PS the granting of CCC placement for more than the 10% limitation in § 3624(c) was justified by interpreting a CCC facility as a "penal or correctional facility" under the general authority of the Bureau of Prisons to incarcerate convicted defendants as set forth in 18 U.S.C. § 3621(b). The OLC Memo, however, in effect ruled either that § 3624(c) was somehow a limit on the more general authority of § 3621(b) or that a CCC placement could never qualify as a "penal or correctional facility" under § 3621(b). In *Scott, supra,* this court found that the OLC Memo was, at least in part, a violation of the law. It is the Court's intention to incorporate its holding in *Scott* to the decision in the instant matter.

4. Petitioner seeks to compel the Bureau of Prisons to apply the BOP PS as it was construed prior to the OLC Memo. As he is not challenging the length of his sentence his reliance of the habeas corpus provisions of 28 U.S.C. § 2241 is not appropriate. However, the petitioner also relies on 28 U.S.C. § 1361 for the relief he seeks, and the Court will treat his petition as being brought under that section.[1]

■ 5. There is some issue as to the deference to be accorded to the OLC Memo. The Court finds that the OLC Memo is not a legislative rule which would be entitled to the high level of deference accorded by *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).[2] Interpretive rules such as the OLC Memo, which are not subject to notice and comment,[3] are generally entitled only to the much lower deference set forth in *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). *Christensen v. Harris County*, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)(Statutory construction adopted

---

**1.** In *Scott* the Court erroneously converted the action from one under 28 U.S.C. § 2241 to one under 42 U.S.C. § 1983 which deals only with state action.

**2.** An administrative "Rule" is defined in 5 U.S.C. § 551(4). A "Legislative Rule" is a rule adopted pursuant to the notice and comment provisions of 5 U.S.C. § 553(b)through(d).

**3.** *See* 5 U.S.C. § 553(b) which exempts, *inter alia,* interpretive rules from the notice and hearing requirements otherwise required by § 553.

only by an interpretive rule is entitled only to *Skidmore* deference.)[4] Applying *Skidmore* to the OLC Memo, this Court does not find that its reasoning is valid, that thoroughness is evident in its consideration, or that it is consistent with past practice or pronouncements of the Bureau of Prisons, and therefore it is not entitle to any deference by a court.[5]

■ 6. The Bureau of Prisons has elsewhere argued that the cause of action under 28 U.S.C. § 1361 is barred by the doctrine of sovereign immunity. This is a difficult argument to make in the fact of a statute which by its very terms authorizes injunctive action (but not money damages) against federal officials. The Third Circuit has ruled that even in the area of security clearances, where the government's discretion is absolute, the agency conducting a security clearance review is required to follow is own regulations, and may be sued for failure to do so. *Stehney v. Perry,* 101 F.3d. 925, 933 (3d Cir.1996). A appropriate waiver of sovereign immunity for injunctive claims was found in 5 U.S.C. 702. *Id.* This Court rejects the notion that relief under 28 U.S.C. 1361 is barred by sovereign immunity.

7. Another argument made elsewhere by the Bureau of Prisons is that a new proposed regulation published at 69 Fed. Reg.51213 (August 18, 2004) would moot many of the complaints now being made

by adopting a blanket rule concerning the designation of a prisoner to a CCC under its general authority under § 3621(b). Without commenting on its legality should such a regulation be adopted, or its applicability to existing prisoners, that regulation is not yet in force.

8. In a letter to the court dated October 12, 2004, the Defendant has indicated that it "has consented to determine petitioner's CCC placement in accordance with the policy and practices it followed prior to December 20, 2002."

Based on the foregoing:

**IT IS** on this 13th day of October, 2004,

**ORDERED THAT:**

1. Petitioner's action is hereby converted from a habeas petition to a motion for injunctive relief under 28 U.S.C. § 1361;

2. Petitioner's Application for Injunctive Relief is **GRANTED,** but only to the extent hereafter provided;

3. The Federal Bureau of Prisons, no later than September 24, 2004, will complete its pre-release planning for the placement of Petitioner in accordance with BOP Program Statement 7310.04, with the following proviso: the 10% limitation in § 3624(c) shall **not** apply to any portion of a community placement which is consistent with the "Community Corrections Component" as set forth in 7.a.(1) of BOP PS, it being the ruling of the Court that such

---

4. "We consider that the ... interpretations ... of the Administrator ..., while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment ... will depend upon the thoroughness evident in the consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give power to persuade, if lacking power to control." *Skidmore* at 323 U.S. at 140, 65 S.Ct. 161

5. This Court recognizes that certain Supreme Court cases have suggested that interpretive rules in some instances may be entitled to *Chevron* deference. *See, e.g., United States v. Mead,* 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292(2001); *Barnhart v. Walton,* 535 U.S. 212, 122 S.Ct. 1265, 152 L.Ed.2d 330(2002); *Edelman v. Lynchburg College,* 535 U.S. 106, 122 S.Ct. 1145, 152 L.Ed.2d 188(2002). However, this Court finds no factor in this case which would counsel such a result.

placement would be in a "penal or correctional facility" as provided by § 3621(b); any other components of the prerelease plan, such as the "Prerelease Component" (7.a.(2) of BOP PS) or home confinement, shall be subject to the 10% limitation. The discretion of the BOP shall not be limited by any provision of the OLC Memo inconsistent with this Order; and

4. Should the BOP fail to reconsider Petitioner's pre-release planning in accordance with this Order, Petitioner may renew his application before this Court; any responsive papers shall be served and filed no later than one week after receipt of Petitioner's application; the matter will be heard by the Court as hereafter scheduled.